**In re JANUS MUTUAL FUNDS INVESTMENT LITIGATION**

**In re Strong Mutual Funds Investment Litigation**

**In re Bank One Mutual Funds Investment Litigation**

**In re Bank Of America Mutual Funds Investment Litigation**

**In re Mutual Funds Investment Litigation**

**In re Putnam Mutual Funds Investment Litigation**

**In re Alliance Capital Mutual Funds Investment Litigation**

**No. MDL–1576, 1577, 1582, 1585, 1586, 1590, 1591.**

Judicial Panel on Multidistrict Litigation.

Feb. 20, 2004.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, Jr., Judges of the Panel *.

---

* Three members of the Panel would be disqualified in this matter due to shareholdings in one or more of the interested parties, and one Panel seat was vacant at the time the matter was considered. The Panel therefore invoked the "rule of necessity" and all members par-

## ORDER

WM. TERRELL HODGES, Chairman.

Before the Panel are seven dockets involving market timing/late trading allegations primarily against six different families of mutual funds.[1] In six dockets—MDL–1576 (Janus), MDL–1577 (Strong), MDL–1582 (Bank One), MDL–1585 (Bank of America), MDL–1590 (Putnam) and MDL–1591 (Alliance)-various plaintiff and/or defendant movants in each docket[2] seek centralization of the actions now before the Panel[3] and later-filed related actions under 28 U.S.C. § 1407 on a fund-by-fund basis—usually in the federal district in which the mutual fund family is headquartered or has significant contacts. In the remaining docket—MDL–1586—the Canary parties[4] seek centralization of all market timing/late trading mutual fund actions and later-filed related actions[5] in one multidistrict docket.

All responding parties in actions now before the Panel support coordinated or consolidated Section 1407 proceedings on either a fund-by-fund basis or as one multidistrict docket. Some movants and/or various responding parties suggest selection of the Southern District of New York or the District of New Jersey as transferee district for several of these dockets. If the Panel deems centralization on a fund-by-fund basis to be appropriate, other suggested transferee districts include the following: District of Colorado (MDL–1576); Eastern or Western Districts of Wisconsin (MDL–1577); Northern District of Illinois or Southern District of Ohio (MDL–1582); Central District of California or Western

ticipated in the decision in order to provide the forum created by the governing statute, 28 U.S.C. § 1407. *See In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation,* 170 F.Supp.2d 1356, 1357–58 (Jud. Pan.Mult.Lit.2001).

1. At the hearing session in these seven dockets, the Panel heard combined oral argument. Accordingly, the overlapping issues raised in these dockets are addressed in this one order.

2. Movants in these six dockets are as follows: MDL–1576 involves two separate motions—one by plaintiff in one Colorado action and the other by Janus Capital Group, Inc., and Janus Capital Management LLC; the MDL–1577 motion is brought by plaintiff in one Wisconsin action; the MDL–1582 motion is brought by Bank One Corporation and Banc One; the MDL–1585 motion is brought by plaintiffs in one California action; the MDL–1590 motion is brought by Putnam Investments Trust, Putnam Investment Management, LLC, Putnam Investment Funds, Marsh & McLennan Companies, Inc., particular Putnam mutual funds and various individual trustees, directors and employees; and the MDL–1591 motion is brought by Alliance Capital Management L.P., Alliance Capital Management Holding L.P. and Alliance Capital Management Corp.

3. One action on the MDL–1590 motion—*Carl Kircher, et al. v. Putnam Funds Trust, et al.,* S.D. Illinois, C.A. No. 3:03–691—was remanded to Illinois state court on January 27, 2004. Accordingly, the question of inclusion of this action in Section 1407 pretrial proceedings is moot.

4. Canary Capital Partners, LLC; Canary Capital Partners, Ltd.; Canary Investment Management, LLC; and one affiliated individual.

5. Thirty-five actions which were not included in the MDL–1586 motion, but were included in the motions in MDLs 1585, 1590 or 1591, are now included in this transfer order. All parties to these actions had notice of the proceedings before the Panel relating to Section 1407 transfer of their actions for coordinated or consolidated pretrial proceedings and had an opportunity to state their respective positions in writing and at the Panel's January 29, 2004 hearing session regarding the matters now before the Panel.

The Panel has been notified that more than 170 potentially related actions have been filed in these seven dockets. These actions and any other related actions will be treated as potential tag-along actions in MDL–1586. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

District of North Carolina (MDL–1585); District of Massachusetts or District of Connecticut (MDL–1590); and Eastern District of New York (MDL–1591).

■ On the basis of the papers filed and hearing session held, the Panel finds that all actions in these seven dockets involve common questions of fact concerning allegations of market timing and/or late trading in the mutual fund industry. Whether the actions be brought by securities holders seeking relief under the federal securities laws or shareholders suing derivatively on behalf of the involved mutual funds, all actions can be expected to focus on similar mutual fund trading practices and procedures with some common defendants and/or witnesses. Section 1407 centralization of all the actions as one multidistrict docket (MDL–1586) in the District of Maryland will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Congregating these mutual fund market timing/late trading actions there is necessary in order to avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. Resolution of overlapping issues, concerning similar conduct in the mutual fund industry, will be streamlined. *See In re Managed Care Litigation*, 2000 WL 1925080, 2000 U.S. Dist. LEXIS 15927 (Jud.Pan.Mult.Lit.2000).

Opponents of Section 1407 centralization of all actions in one multidistrict litigation argue that the presence of unique questions of fact relating to each mutual fund family should produce a different result. These parties urge us, instead, to centralize related actions/claims on a fund-by-fund basis. We are unpersuaded by these arguments. Indeed, we point out that transfer to a single district under Section 1407 has the salutary effect of placing all mutual fund market timing/late trading actions before one court which can formulate a pretrial program that: 1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi–Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (Jud.Pan. Mult.Lit.1979); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. We note that the MDL–1586 transferee court can employ any number of pretrial techniques—such as establishing separate discovery and/or motion tracks for each mutual fund family and/or separate tracks for the different types of actions involved—to efficiently manage this litigation. In any event, we leave the extent and manner of coordination or consolidation of these securities and derivative claims as well as related claims arising under any other federal and/or state laws to the discretion of the transferee court. *In re Equity Funding Corp. of America Securities Litigation*, 375 F.Supp. 1378, 1384–85 (Jud.Pan. Mult.Lit.1974).

■ Given the geographic dispersal of constituent actions and potential tag-along actions, no district stands out as the geographic focal point for this nationwide litigation. Thus we have searched for a transferee district with the capacity and experience to steer this litigation on a prudent course. In addition, this litigation encompasses complex claims against multiple mutual funds by a vast number of plaintiffs/putative class members which could potentially i) present various disqualification issues and/or ii) consume much attention from one transferee judge. Accordingly, the Panel has decided to entrust this litigation to multiple transferee

judges,[6] sitting individually and/or jointly in their own discretion, in the District of Maryland.

IT IS THEREFORE ORDERED that the motions for centralization of actions/claims on a fund-by-fund basis in MDL–1576 (Schedule A), MDL–1577 (Schedule B), MDL–1582 (Schedule C), MDL–1585 (Schedule D), MDL–1590 (Schedule E) and MDL–1591 (Schedule F) are denied.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1407, the actions on the attached Schedule G are transferred to the District of Maryland and, with the consent of that court, assigned to the Honorable J. Frederick Motz, the Honorable Andre M. Davis and the Honorable Frederick P. Stamp, Jr. (sitting in the District of Maryland pursuant to an intra-circuit assignment under 28 U.S.C. § 292) for coordinated or consolidated pretrial proceedings in MDL–1586.[7] Each transferee judge shall have jurisdiction over the coordinated or consolidated pretrial proceedings in this litigation and each judge may act individually and/or jointly with

respect to these proceedings as they may decide among themselves.[8]

## SCHEDULE A

*MDL–1576—In re Janus Mutual Funds Investment Litigation*

*District of Colorado*

*Vivian Bernstein v. Janus Capital Management, LLC, et al.,* C.A. No. 1:03–1798

*Ronald Abrams, et al. v. Janus Fund, et al.,* C.A. No. 1:03–1817

*John G. Hill, Jr. v. Janus Capital Group, Inc., et al.,* C.A. No. 1:03–1847

*Leona A. Marini, etc. v. Janus Investment Fund, et al.,* C.A. No. 1:03–1857

*Priya Vadehera v. Janus Capital Group, Inc., et al.,* C.A. No. 1:03–1871

*Tara Goldstein v. Janus Capital Group, Inc., et al.,* C.A. No. 1:03–1884

*Vivian Bernstein v. Janus Capital Management, LLC, et al.,* C.A. No. 1:03–1909

---

**6.** 28 U.S.C. § 1407(b); *In re In re Air Crash Disaster Near Chicago, Illinois, on May 25, 1979,* 476 F.Supp. 445 (Jud.Pan. Mult.Lit.1979); *In re Sugar Industry Antitrust Litigation,* MDL–201A (J.P.M.L. May 5, 1978) (unpublished order).

**7.** Judge Stamp's designation as a transferee judge is subject only to the approval of the Honorable Irene M. Keeley, Chief Judge of the Northern District of West Virginia, who presently is out of the country. The Honorable Catherine C. Blake has also agreed to work with these three MDL–1586 transferee judges in organizing this docket and to serve as the first additional transferee judge if the exigencies of this docket so require and her schedule so permits.

**8.** Panel Rule 1.6(a), R.P.J.P.M.L., 199 F.R.D. at 428, requires clerks of transferor district

courts to forward to the clerk of the transferee district court the complete original file and docket sheet for each transferred action. Because of the voluminous files in this docket, the MDL–1586 transferee judges have requested that the Panel partially suspend this rule in MDL–1586 and require the transferor district court clerks to forward only the docket sheet for each transferred action to the clerk of the District of Maryland. Accordingly, Panel Rule 1.6(a) is partially suspended in MDL–1586 for these actions and any subsequently transferred related actions. *In re Asbestos Products Liability Litigation (No. VI ),* 771 F.Supp. 415, 424 (Jud.Pan. Mult.Lit.1991). Panel Rule 1.6(a) will thus remain in effect for the transmittal of docket sheets, while we will rely on the judgment of the transferee judges to request from the transferor district clerks or the parties whatever case files any of them needs.

*District of New Jersey*

*Andrew D. Mule, et al. v. Strong Capital Management, Inc., et al.,* C.A. No. 2:03–4221

. *Arthur Sylvester v. Janus Capital Group, Inc., et al.,* C.A. No. 2:03–4261

*Rhonda Vladimir v. Janus Capital Management, LLC, et al.,* C.A. No. 2:03–4273

*May Etsen, et al. v. Janus Fund, et al.,* C.A. No. 2:03–4369

*Robert Corwin v. Thomas H. Bailey, et al.,* C.A. No. 2:03–4384

*Herbert Morris, etc. v. Janus Capital Management, LLC, et al.,* C.A. No. 2:03–4453

*Southern District of New York*

*Carol Pestone v. Janus Capital Group, Inc., et al.,* C.A. No. 1:03–6760

*Brian Wormley, et al. v. Janus Capital Group, Inc., et al.,* C.A. No. 1:03–6790

*Selma Stone, et al. v. Janus Fund, et al.,* C.A. No. 1:03–6914

*James Schultz v. Janus Capital Management, LLC, et al.,* C.A. No. 1:03–7123

*Roger L. Bailey v. Janus Capital Management, LLC, et al.,* C.A. No. 1:03–7125

*Elsie Haig, et al. v. Janus Fund, et al.,* C.A. No. 1:03–7218

*Jack Yarbrough, et al. v. Janus Fund, et al.,* C.A. No. 1:03–7333

*Nechama Tepfer v. Janus Capital Group, Inc., et al.,* C.A. No. 1:03–7337

*Eastern District of Pennsylvania*

*Gloria Steinberg, et al. v. Janus Capital Management, LLC, et al.,* C.A. No. 2:03–5048

*Tom Kidwell, etc. v. Janus Capital Group, Inc., et al.,* C.A. No. 2:03–5242

*George P. Tsetsekos, etc. v. Janus Capital Group, Inc., et al.,* C.A. No. 2:03–5354

## SCHEDULE B

*MDL–1577—In re Strong Mutual Funds Investment Litigation*

*District of New Jersey*

*Andrew D. Mule, et al. v. Strong Capital Management, Inc., et al.,* C.A. No. 2:03–4221

*Southern District of New York*

*Selma Stone v. Strong Advisor Common Stock Fund, et al.,* C.A. No. 1:03–6916

*Eastern District of Wisconsin*

*Gregory D. Coleman, etc. v. Strong Financial Corp., et al.,* C.A. No. 2:03–862

*James Blevins v. Strong Capital Management, Inc., et al.,* C.A. No. 2:03–868

*Thomas R. Jones v. Strong Financial Corp., et al.,* C.A. No. 2:03–884

*Holly Painter v. Strong Capital Management, Inc., et al.,* C.A. No. 2:03–895

*Steve LeFavour, etc. v. Strong Financial Corp., et al.,* C.A. No. 2:03–897

## SCHEDULE C

*MDL–1582—In re Bank One Mutual Funds Investment Litigation*

*Northern District of Illinois*

*William Pelak v. Bank One Corp., et al.,* C.A. No. 1:03–6591

*District of New Jersey*

*Andrew D. Mule, et al. v. Strong Capital Management, Inc., et al.,* C.A. No. 2:03–4221

*Andy Yijun Huang, et al. v. One Group Technology Fund, et al.,* C.A. No. 2:03–4514

*Southern District of New York*

*Allan Dworkin v. One Group Technology Fund, et al.,* C.A. No. 1:03–6915

*Charles Tischler v. Bank One Corp., et al.,* C.A. No. 1:03–6970

*Amy Bloomfield v. Mark A. Beeson, et al.,* C.A. No. 1:03–6975

*Southern District of Ohio*

*David Brett v. Bank One Corp., et al.,* C.A. No. 2:03–818

## SCHEDULE D

*MDL–1585—In re Bank of America Mutual Funds Investment Litigation*

*Central District of California*

*Leann Lin v. Bank of America Corp., et al.,* C.A. No. 2:03–6330

*Kathleen A. Sussman, et al. v. Nations Capital Growth Fund, et al.,* C.A. No. 2:03–6957

*Jean Marie Maggi, et al. v. Bank of America Corp., et al.,* C.A. No. 2:03–7249

*District of New Jersey*

*John Golisano v. Bank of America Corp., et al.,* C.A. No. 2:03–4230

*Roderick Rohrer v. Nations Capital Growth Fund, et al.,* C.A. No. 2:03–4496

*Southern District of New York*

*Samuel T. Cohen v. Nations Capital Growth Fund, et al.,* C.A. No. 1:03–6847

## SCHEDULE E

*MDL–1590—In re Putnam Mutual Funds Investment Litigation*

*Northern District of California*

*Jacqueline Burton, et al. v. Marsh & McLennan Companies, Inc., et al.,* C.A. No. 3:03–4973

*District of Delaware*

*Zachary Alan Starr, etc. v. Putnam Investment Management, Inc., et al.,* C.A. No. 1:03–1023

*District of Massachusetts*

*Diane Saunders v. Putnam American Government Income Fund,* C.A. No. 1:03–12086

*Sally A. Bulawsky, et al. v. Marsh & McLennan Companies, Inc., et al.,* C.A. No. 1:03–12094

*Samuel M. Troutman, et al. v. Putnam American Government Income Fund, et al.,* C.A. No. 1:03–12116

*Lawrence E. Jaffe, etc. v. Putnam American Government Income Fund, et al.,* C.A. No. 1:03–12162

*Miranda Zuber, et al. v. Putnam Investment Management, LLC,* C.A. No. 1:03–12175

*Sara Gurno, et al. v. Putnam American Government Income Fund, et al.,* C.A. No. 1:03–12196

*Ann Schneps Dubin, et al. v. Putnam Investment Management, LLC,* C.A. No. 1:03–12209

*Rochelle Meyer, etc. v. Putnam International Voyager Fund, et al.,* C.A. No. 1:03–12214

*Southern District of New York*

*Shelia Schulman, et al. v. Putnam American Government Income Fund, et al.,* C.A. No. 1:03–8323

*Dawn Maniskas v. Putnam American Government Income Fund, et al.,* C.A. No. 1:03–8368

*Salvatore Piliere v. Putnam Global Income Trust, et al.,* C.A. No. 1:03–8407

*Paul Angotta, et al. v. Putnam American Government Income Fund, et al.,* C.A. No. 1:03–8651

*Kristin Garfield v. Putnam American Government Income Fund, et al.*, C.A. No. 1:03–8683

*Ingeborg Engeler v. Putnam Investments Trust, et al.*, C.A. No. 1:03–8720

## SCHEDULE F

*MDL–1591—In re Alliance Capital Mutual Funds Investment Litigation*

*District of New Jersey*

*Milton Pfeiffer v. Alliance Capital Management, L.P.*, C.A. No. 2:03–4724

*Roger Jee v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 2:03–4895

*Marvin Goldfarb v. AllianceBernstein Growth & Income Fund, Inc., et al.*, C.A. No. 2:03–4962

*Eastern District of New York*

*Felicia Bernstein v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 2:03–5087

*Robert K. Finnell v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 2:03–5345

*Southern District of New York*

*Nada Hindo, et al. v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 1:03–7765

*George W. Bookhout, et al. v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 1:03–7955

*Charles Healy v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 1:03–8008

*Richard J. Abt v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 1:03–8202

*Tracy Silverman v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 1:03–8274

*Marlene Seybold v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 1:03–8278

*Martine Stansbery, Jr. v. AXA Financial, Inc.*, C.A. No. 1:03–8282

*Michael Bernstein, et al. v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 1:03–8350

*Regina Kopelowitz v. AllianceBernstein Growth & Income Fund, Inc., et al.*, C.A. No. 1:03–8372

*Robin Fernhoff, et al. v. AllianceBernstein Growth & Income Fund, Inc., et al.*, C.A. No. 1:03–8402

*Timothy J. Plank v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 1:03–8466

*Israel Grafstein v. AXA Financial, Inc., et al.*, C.A. No. 1:03–8685

*Gary Frost v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 1:03–8722

*Lori Weinrib v. AllianceBernstein Growth & Income Fund, Inc., et al.*, C.A. No. 1:03–8915

*Blanchard D. Smith, Jr. v. AllianceBernstein Growth & Income Fund, Inc., et al.*, C.A. No. 1:03–8981

## SCHEDULE G

*MDL–1586—In re Mutual Funds Investment Litigation*

*Northern District of California*

*Jacqueline Burton, et al. v. Marsh & McLennan Companies, Inc., et al.*, C.A. No. 3:03–4973

*Central District of California*

*Leann Lin v. Bank of America Corp., et al.*, C.A. No. 2:03–6330

*Kathleen A. Sussman, et al. v. Nations Capital Growth Fund, et al.*, C.A. No. 2:03–6957

**1366**

Jean Marie Maggi, et al. v. Bank of America Corp., et al., C.A. No. 2:03–7249

*District of Colorado*

Vivian Bernstein, et al. v. Janus Capital Management, LLC, et al., C.A. No. 1:03–1798

Ronald Abrams, et al. v. Janus Fund, et al., C.A. No. 1:03–1817

John G. Hill, Jr. v. Janus Capital Group, Inc., et al., C.A. No. 1:03–1847

Leona A. Marini, etc. v. Janus Investment Fund, et al., C.A. No. 1:03–1857

Priya Vadehera v. Janus Capital Group, Inc., et al., C.A. No. 1:03–1871

Tara Goldstein v. Janus Capital Group, Inc., et al., C.A. No. 1:03–1884

Vivian Bernstein v. Janus Capital Management, LLC, et al., C.A. No. 1:03–1909

John R. Lang, et al. v. Janus Fund, et al., C.A. No. 1:03–1942

William Silverman v. Janus Capital Group, Inc., et al., C.A. No. 1:03–1965

Richard Kaufman v. Janus Capital Group, Inc., et al., C.A. No. 1:03–1966

*District of Delaware*

Zachary Alan Starr, etc. v. Putnam Investment Management, Inc., et al., C.A. No. 1:03–1023

*Northern District of Illinois*

William Pelak v. Bank One Corp., et al., C.A. No. 1:03–6591

Glen Robinson v. One Group International Equity Index Fund, et al., C.A. No. 1:03–6986

Norman Maged v. One Group Technology Fund, et al., C.A. No. 1:03–7029

*District of Massachusetts*

Diane Saunders v. Putnam American Government Income Fund, C.A. No. 1:03–12086

Sally A. Bulawsky, et al. v. Marsh & McLennan Companies, Inc., et al., C.A. No. 1:03–12094

Samuel M. Troutman, et al. v. Putnam American Government Income Fund, et al., C.A. No. 1:03–12116

Lawrence E. Jaffe, etc. v. Putnam American Government Income Fund, et al., C.A. No. 1:03–12162

Miranda Zuber, et al. v. Putnam Investment Management, LLC, C.A. No. 1:03–12175

Sara Gurno, et al. v. Putnam American Government Income Fund, et al., C.A. No. 1:03–12196

Ann Schneps Dubin, et al. v. Putnam Investment Management, LLC, C.A. No. 1:03–12209

Rochelle Meyer, etc. v. Putnam International Voyager Fund, et al., C.A. No. 1:03–12214

*District of New Jersey*

Andrew D. Mule, et al. v. Strong Capital Management, Inc., et al., C.A. No. 2:03–4221

John Golisano v. Bank of America Corp., et al., C.A. No. 2:03–4230

Arthur Sylvester v. Janus Capital Group, Inc., et al., C.A. No. 2:03–4261

Rhonda Vladimir v. Janus Capital Management LLC, et al., C.A. No. 2:03–4273

May Etsen, et al. v. Janus Fund, et al., C.A. No. 2:03–4369

Robert Corwin v. Thomas H. Bailey, et al., C.A. No. 2:03–4384

Robert K. Finnell, etc. v. Bank of America Corp., et al., C.A. No. 2:03–4446

Herbert Morris v. Janus Capital Management, LLC, et al., C.A. No. 2:03–4453

Roderick Rohrer v. Nations Capital Growth Fund, et al., C.A. No. 2:03–4496

Andy Yijun Huang, et al. v. One Group Technology Fund, et al., C.A. No. 2:03–4514

Milton Pfeiffer v. Alliance Capital Management, L.P., C.A. No. 2:03–4724

Robert Garfield, et al. v. Banc of America Capital Management, LLC, et al., C.A. No. 2:03–4855

Roger Jee v. Alliance Capital Management Holding, L.P., et al., C.A. No. 2:03–4895

Marvin Goldfarb v. AllianceBernstein Growth & Income Fund, Inc., et al., C.A. No. 2:03–4962

Eastern District of New York

Felicia Bernstein, etc. v. Alliance Capital Management Holding, LP, et al., C.A. No. 2:03–5087

Robert K. Finnell v. Alliance Capital Management Holding, L.P., et al., C.A. No. 2:03–5345

Southern District of New York

Carol Pestone v. Janus Capital Group, Inc., et al., C.A. No. 1:03–6760

Brian Wormley, et al. v. Janus Capital Group, Inc., et al., C.A. No. 1:03–6790

Samuel T. Cohen v. National Capital Growth Fund, et al., C.A. No. 1:03–6847

Selma Stone, et al. v. Janus Fund, et al., C.A. No. 1:03–6914

Allan Dworkin v. One Group Technology Fund, et al., C.A. No. 1:03–6915

Selma Stone v. Strong Advisor Common Stock Fund, et al., C.A. No. 1:03–6916

Tom Torelli v. Strong Financial Corp., et al., C.A. No. 1:03–6969

Charles Tischler v. Bank One Corp., et al., C.A. No. 1:03–6970

Amy Bloomfield v. Mark A. Beeson, et al., C.A. No. 1:03–6975

James Schultz v. Janus Capital Management, LLC, et al., C.A. No. 1:03–7123

Roger L. Bailey v. Janus Capital Management, LLC, et al., C.A. No. 1:03–7125

Elsie Haig, et al. v. Janus Fund, et al., C.A. No. 1:03–7218

David Kuperschmid v. Strong Capital Management, Inc., et al., C.A. No. 1:03–7287

Jack Yarbrough, et al. v. Janus Fund, et al., C.A. No. 1:03–7333

Nechama Tepfer v. Janus Capital Group, Inc., C.A. No. 1:03–7337

Lori Reinhardt v. Strong Advisor Common Stock Fund, et al., C.A. No. 1:03–7438

Wathena Ann Forsee v. Janus Fund, et al., C.A. No. 1:03–7654

James M. Archinaco v. Janus Capital Group, Inc., et al., C.A. No. 1:03–7745

Nada Hindo, et al. v. AllianceBernstein Growth & Income Fund, C.A. No. 1:03–7765

John Armentano v. Janus Fund, et al., C.A. No. 1:03–7766

Isidore Zimmerman v. Thomas H. Bailey, C.A. No. 1:03–7910

George W. Bookhout, et al. v. Alliance Capital Management Holding, L.P., et al., C.A. No. 1:03–7955

Charles Healy v. Alliance Capital Management Holding, L.P., et al., C.A. No. 1:03–8008

Richard J. Abt v. Alliance Capital Management Holding, L.P., et al., C.A. No. 1:03–8202

Tracy Silverman v. Alliance Capital Management Holding, L.P., et al., C.A. No. 1:03–8274

*Marlene Seybold v. Alliance Capital Management Holding, L.P., et al.,* C.A. No. 1:03–8278

*Martine Stansbery, Jr. v. AXA Financial, Inc.,* C.A. No. 1:03–8282

*Shelia Schulman, et al. v. Putnam American Government Income Fund, et al.,* C.A. No. 1:03–8323

*Michael Bernstein, et al. v. Alliance Capital Management Holding, L.P., et al.,* C.A. No. 1:03–8350

*Dawn Maniskas v. Putnam American Government Income Fund, et al.,* C.A. No. 1:03–8368

*Regina Kopelowitz v. AllianceBernstein Growth & Income Fund, Inc., et al.,* C.A. No. 1:03–8372

*Robin Fernhoff, et al. v. AllianceBernstein Growth & Income Fund, Inc., et al.,* C.A. No. 1:03–8402

*Salvatore Piliere v. Putnam Global Income Trust, et al.,* C.A. No. 1:03–8407

*Timothy J. Plank v. Alliance Capital Management Holding, L.P., et al.,* C.A. No. 1:03–8466

*Paul Angotta, et al. v. Putnam American Government Income Fund, et al.,* C.A. No. 1:03–8651

*Kristin Garfield v. Putnam American Government Income Fund, et al.,* C.A. No. 1:03–8683

*Israel Grafstein v. AXA Financial, Inc., et al.,* C.A. No. 1:03–8685

*Ingeborg Engeler v. Putnam Investments Trust, et al.,* C.A. No. 1:03–8720

*Gary Frost v. Alliance Capital Management Holding, L.P., et al.,* C.A. No. 1:03–8722

*Lori Weinrib v. AllianceBernstein Growth & Income Fund, Inc., et al.,* C.A. No. 1:03–8915

*Blanchard D. Smith, Jr. v. Alliance-Bernstein Growth & Income Fund, Inc., et al.,* C.A. No. 1:03–8981

*Southern District of Ohio*

*David Brett v. Bank One Corp., et al.,* C.A. No. 2:03–818

*Pamela Dunlap v. One Group Technology Fund, et al.,* C.A. No. 2:03–916

*Eastern District of Pennsylvania*

*Gloria Steinberg, et al. v. Janus Capital Management, LLC, et al.,* C.A. No. 2:03–5048

*Tom Kidwell, etc. v. Janus Capital Group, Inc., et al.,* C.A. No. 2:03–5242

*George P. Tsetsekos, etc. v. Janus Capital Group, Inc., et al.,* C.A. No. 2:03–5354

*Eastern District of Wisconsin*

*Gregory D. Coleman, etc. v. Strong Financial Corp., et al.,* C.A. No. 2:03–862

*James Blevins v. Strong Capital Management, Inc., et al.,* C.A. No. 2:03–868

*Jenell Marie Halvorson v. Strong Advisor Common Stock Fund, et al.,* C.A. No. 2:03–872

*Thomas R. Jones v. Strong Financial Corp., et al.,* C.A. No. 2:03–884

*Holly Painter v. Strong Capital Management, Inc., et al.,* C.A. No. 2:03–895

*Congregation Ohel Torah v. Strong Capital Management, Inc., et al.,* C.A. No. 2:03–896

*Steve LeFavour, etc. v. Strong Financial Corp., Inc., et al.,* C.A. No. 2:03–897

*Jackson T. Ferris, et al. v. Strong Capital Management, Inc., et al.,* C.A. No. 2:03–998