### In re DEEP VEIN THROMBOSIS LITIGATION

### No. 1606.

Judicial Panel on Multidistrict Litigation.

June 22, 2004.

---

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., and KATHRYN H. VRATIL, Judges of the Panel.

## TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, seeking centralization at this time of the 24 actions listed on the attached Schedule A and pending in three districts as follows: 22 actions in the Northern District of California, and one action each in the Central District of California and the Northern District of Alabama.[1] Movants, who are plaintiffs in one of the Northern District of California actions, seek centralization in that district. Plaintiff in one other Northern California action joins in the motion and movants represent that plaintiffs in most of the other actions also support this motion. Opposed to Section 1407 transfer are all other respondents: i) the airline defendants,[2] ii) the aircraft manufacturer defendants,[3] iii) plaintiffs in two potential tag-

1. An additional action pending in the Central District of California was included in the Section 1407 motion, *Paula James, et al. v. Delta Air Lines, Inc., et al.*, C.A. No. 2:03–2088. The Panel has been informed that summary judgment in this action has been granted in favor of the only remaining defendant, Delta Air Lines, Inc. Accordingly, inclusion of the action in Section 1407 proceedings is moot.

The Panel has been notified of sixteen potentially related actions now pending in the Northern District of California, the Central District of California, the Middle District of Florida, the Northern District of Georgia, the District of Massachusetts or the Southern District of Texas. In light of the Panel's disposi-

tion of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

2. American Airlines, Inc.; America West Airlines, Inc.; British Airways PLC; Continental Airlines, Inc.; Delta Air Lines, Inc.; KLM Royal Dutch Airlines; Lufthansa German Airlines; Northwest Airlines, Inc.; Singapore Airlines Limited; Societe Air France; Spirit Airlines; and UAL Corporation and United Air Lines, Inc.

3. The Boeing Company (Boeing) and Airbus S.A.S.

along actions, and iv) two airlines not involved in the 24 actions now before the Panel.[4] In the event the Panel orders transfer over their objections, Boeing supports centralization in the Northern District of California or, alternatively, suggests the Central District of California as transferee district, while some airline defendants support selection of this latter district as transferee forum.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Notwithstanding differences among the actions in terms of named defendants, legal theories of recovery and/or types of injury alleged, all actions remain rooted in complex core questions concerning whether various aspects of airline travel cause, or contribute to, the development of deep vein thrombosis in airline passengers. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings (on jurisdictional issues and other matters), and conserve the resources of the parties, their counsel and the judiciary.

Opponents premise their objection to centralization on the ground that each action involves unique factual issues. We note that Section 1407 does not require a complete identity or even majority of common factual and legal issues as a prerequisite to centralization. *In re Phenylpropanolamine (PPA) Products Liability Litigation,* 173 F.Supp.2d 1377 (Jud.Pan. Mult.Lit.2001). We point out that transfer under Section 1407 has the salutary effect of placing all actions in this docket

before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Smith Patent Litigation,* 407 F.Supp. 1403, 1404 (Jud.Pan. Mult.Lit.1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. We note that the MDL–1606 transferee court can employ any number of pretrial techniques—such as establishing separate discovery and/or motion tracks—to efficiently manage this litigation. In any event, we leave the extent and manner of coordination or consolidation of these actions to the discretion of the transferee court. *In re Mutual Funds Investment Litigation,* 310 F.Supp.2d 1359 (Jud.Pan.Mult.Lit.2004).

We are persuaded that the Northern District of California is an appropriate forum for this docket. We note that 22 of the 24 actions now before the Panel and ten of the sixteen potential tag-along actions are already pending there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on the attached Schedule A and pending in the Northern District of Alabama is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Vaughn R. Walker for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

IT IS FURTHER ORDERED that transfer of the action listed on Schedule A and pending in the Central District of California is deferred, at the request of the judge presently assigned to this action, so that he can rule on the remaining defen-

---

4. US Airways and Alaska Airlines.

dant's motion for summary judgment that he advises us is ripe for decision.

## SCHEDULE A

MDL–1606—In re Deep Vein Thrombosis Litigation

Northern District of Alabama

Peter Trodd, et al. v. Northwest Airlines, Inc., et al., C.A. No. 2:03–2601

Central District of California

Marcia Shumaker, et al. v. UAL Corp., et al., C.A. No. 2:03–2997

Northern District of California

Debra Miller, et al. v. Continental Airlines, Inc., et al., C.A. No. 3:02–1693

Daniel Wylie v. American Airlines, Inc., et al., C.A. No. 3:02–2997

Kim Baur, et al. v. Northwest Airlines, Inc., et al., C.A. No. 3:02–5213

Alan Reinig v. Lufthansa Airlines, et al., C.A. No. 3:03–344

Marsha Dabulis v. Sinagapore Airlines, Inc., C.A. No. 3:03–1929

Michael Williams, et al. v. American Airlines, Inc., et al., C.A. No. 3:03–2181

Sam Montalvo, et al. v. Spirit Airlines, et al., C.A. No. 3:03–3181

Evelyn Plotkin v. British Airways, PLC., et al., C.A. No. 3:03–3242

Robert McBride, et al. v. United Airlines, Inc., et al., C.A. No. 3:03–3301

Charles Cooluris v. United Air Lines, Inc., et al., C.A. No. 3:03–3637

Mary Emily Wright v. Delta Air Lines, Inc., et al., C.A. No. 3:03–3760

Madhavi Parvathaneni, et al. v. Singapore Airlines, Inc., et al., C.A. No. 3:03–3842

Teresa Stonestreet, et al. v. American Airlines, Inc., et al., C.A. No. 3:03–3845

Trudy Hanschu, et al. v. American Airlines, Inc., et al., C.A. No. 3:03–3849

Daniel Robinson v. Delta Air Lines, Inc., et al., C.A. No. 3:03–3979

Kamil Matyska v. KLM Royal Dutch Airlines, et al., C.A. No. 3:03–4102

Wilson Oliveira, et al. v. United Air Lines, Inc., et al., C.A. No. 3:03–4830

Edward Stetser, et al. v. America West Airlines, et al., C.A. No. 3:03–5144

David Woods v. American Airlines, Inc., et al., C.A. No. 3:03–5186

Andrew McLachlan v. Delta Air Lines, Inc., et al., C.A. No. 3:03–5234

Janice Schmidt v. Continental Airlines, Inc., et al., C.A. No. 3:03–5538

Mary Buxton, et al. v. Continental Airlines, Inc., et al., C.A. No. 3:03–5634