## In re: MUNICIPAL MORTGAGE & EQUITY, LLC, SECURITIES AND DERIVATIVE LITIGATION.

### MDL No. 1961.

United States Judicial Panel on Multidistrict Litigation.

Aug. 13, 2008.

Before JOHN G. HEYBURN II, Chairman, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, and DAVID R. HANSEN, Judges of the Panel.

### TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Defendant Municipal Mortgage & Equity, LLC (MuniMae) has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Southern District of New York. At oral argument, MuniMae stated that the District of Maryland was also an appropriate transferee district. All responding plaintiffs and putative lead plaintiffs now support centralization in the District of Maryland. If the Panel decides to centralize the MDL No. 1961 securities actions in the Southern District of New York, the District of Maryland derivative plaintiffs alternatively suggest centralization in the District of Maryland of the four actions raising derivative claims.

This litigation presently consists of thirteen actions listed on Schedule A and pending in two districts as follows: eight actions in the District of Maryland and five actions in the Southern District of New York.[1]

On the basis of the papers filed and hearing session held, we find that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of Maryland will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions relating to whether defendants allegedly made materially false and misleading statements in press releases, investor conference calls and regulatory filings which ultimately had a negative impact in 2008 on MuniMae's common stock. Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings, including on the issue of class certification; and conserve the resources of the parties, their counsel and the judiciary. The Panel leaves the extent of coordination or consolidation of the securities and derivative actions to the discretion of the transferee judge. *See In re Mutual Funds Litigation*, 310 F.Supp.2d 1359 (J.P.M.L.2004); *In re Equity Funding Corp. of America Securities Litigation*, 375 F.Supp. 1378 (J.P.M.L.1974).

We are persuaded that the District of Maryland is an appropriate transferee district for this litigation, because (1) eight of the thirteen actions now before the Panel are pending there, and (2) MuniMae is headquartered in Baltimore, Maryland, and parties, witnesses and documents may be found there.[2]

---

1. An additional action which was originally on the Section 1407 motion—*Alex D'Angelo, et al. v. Municipal Mortgage & Equity, LLC, et al.*, S.D. New York, C.A. No. 1:08–1331—has been dismissed. Accordingly, the Section 1407 motion is moot as it relates to this action.

2. The Panel has been notified that one related action is pending in the District of Maryland. This action will be treated as a potential tag-along action. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Maryland are transferred to the District of Maryland and, with the consent of that court, assigned to the Honorable Marvin J. Garbis for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

## SCHEDULE A

MDL No. 1961 — IN RE: MUNICIPAL MORTGAGE & EQUITY LLC, SECURITIES AND DERIVATIVE LITIGATION

*District of Maryland*

*F. Richard Manson, et al. v. Municipal Mortgage & Equity, LLC, et al.,* C.A. No. 1:08–269

*Paul Engel, et al. v. Municipal Mortgage & Equity, LLC, et al.,* C.A. No. 1:08–292

*Geeta Shailam, et al. v. Municipal Mortgage & Equity, LLC, et al.,* C.A. No. 1:08–386

*Michael J. Cirrito, et al. v. Municipal Mortgage & Equity, LLC, et al.,* C.A. No. 1:08–476

*John J. Hufnagle, et al. v. Municipal Mortgage & Equity, LLC, et al.,* C.A. No. 1:08–579

*William Johnston, etc. v. Mark K. Joseph, et al.,* C.A. No. 1:08–670

*Robert Staub, etc. v. Mark K. Joseph, et al.,* C.A. No. 1:08–802

*The Mary L. Kieser Trust, etc. v. Richard O. Berndt, et al.,* C.A. No. 1:08–805

*Southern District of New York*

*Joseph S. Gelmis, et al. v. Earl W. Cole, III, et al.,* C.A. No. 1:08–980

*Jules Rothas, et al. v. Municipal Mortgage & Equity, LLC, et al.,* C.A. No. 1:08–1120

*Arnold J. Ross, et al. v. Earl W. Cole, III, et al.,* C.A. No. 1:08–1299

*Judith Greenberg, et al. v. Michael L. Falcone, et al.,* C.A. No. 1:08–2005

*Naomi Rapahel, et al. v. Municipal Mortgage & Equity, LLC, et al.,* C.A. No. 1:08–2190