**In re: NATIONAL CITY CORP. SECU-RITIES, DERIVATIVE AND EM-PLOYEE RETIREMENT INCOME SECURITY ACT (ERISA) LITIGA-TION.**

**MDL No. 2003.**

United States Judicial Panel on Multidistrict Litigation.

Nov. 26, 2008.

Before ROBERT L. MILLER, JR., Acting Chairman, JOHN G. HEYBURN II, Chairman,* J. FREDERICK MOTZ,* KATHRYN H. VRATIL, DAVID R. HANSEN and W. ROYAL FURGESON, JR., Judges of the Panel.

### TRANSFER ORDER

ROBERT L. MILLER, JR., Acting Chairman.

**Before the entire Panel *:** Defendants National City Corp. (National City) and affiliated entities and individuals have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Northern District of Ohio. Responding Northern District of Ohio derivative and ERISA plaintiffs support centralization in that district. The ERISA plaintiffs, however, do object to consolidation of their actions with the securities actions. These plaintiffs also do not take a position on inclusion of the Southern District of Florida securities action in MDL No. 2003 proceedings. Plaintiff in that action opposes its inclusion in MDL No. 2003 proceedings primarily because plaintiff has filed a motion to remand the action to Florida state court.

This litigation presently consists of thirteen actions listed on Schedule A and pending in two districts as follows: twelve actions in the Northern District of Ohio and one action in the Southern District of Florida.[1]

---

* Judges Heyburn and Motz took no part in the disposition of this matter.

1. The Panel has been notified that a related action is pending in the Western District of Pennsylvania. This action will be treated as a potential tag-along action. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

After considering all argument of counsel, we find that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Northern District of Ohio will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions relating to whether defendants allegedly made materially false and misleading statements which had a negative impact in 2008 on National City's stock. Whether the actions are brought by securities holders seeking relief under the federal securities laws, shareholders suing derivatively on behalf of National City or participants in National City's retirement savings plans suing for violations of the Employee Retirement Income Security Act of 1974, all actions can be expected to focus on a significant number of common events, defendants, and/or witnesses. Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings, including on the issue of class certification; and conserve the resources of the parties, their counsel and the judiciary. We leave the extent of coordination or consolidation of the securities and derivative actions to the discretion of the transferee judge. *See In re Janus Mutual Funds Litigation,* 310 F.Supp.2d 1359 (Jud.Pan.Mult.Lit.2004); *In re Equity Funding Corp. of America Securities Litigation,* 375 F.Supp. 1378 (Jud.Pan.Mult.Lit.1974).

The Southern District of Florida plaintiff argues, *inter alia,* that plaintiff's remand motion should weigh against transfer. A similar remand motion is pending in one of the Northern District of Ohio actions. Plaintiff can present the remand motion to the transferee judge. *See, e.g., In re Ivy,* 901 F.2d 7 (2d Cir.1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347–48 (Jud.Pan. Mult.Lit.2001).

We are persuaded that the Northern District of Ohio is an appropriate transferee district for this litigation, because (1) twelve of the fourteen known actions are pending there, and (2) National City is headquartered in Cleveland, Ohio, and parties, witnesses and documents may be found there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending in the Southern District of Florida is transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Solomon Oliver, Jr., for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

### SCHEDULE A

MDL No. 2003—IN RE: NATIONAL CITY CORP. SECURITIES, DERIVATIVE AND EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA) LITIGATION

*Southern District of Florida*

 B.H. Reagan v. National City Corp., et al., C.A. No. 9:08–81078

*Northern District of Ohio*

 James Elsinghorst, et al. v. National City Corp., et al., C.A. No. 1:08–61

 Barbara Grosick v. National City Corp., et al., C.A. No. 1:08–144

 Richard Lerach, etc. v. Peter E. Raskind, et al., C.A. No. 1:08–163

 Robert Casey v. National City Corp., et al., C.A. No. 1:08–209

 Charles Greve, etc. v. Peter E. Raskind, et al., C.A. No. 1:08–231

 James W. Hass, Jr., etc. v. Peter E. Raskind, et al., C.A. No. 1:08–432

 Ella R. Whitlow, et al. v. National City Corp., et al., C.A. No. 1:08–575

*Rodolfo Rannallo, Jr., et al. v. National City Corp., et al.,* C.A. No. 1:08–590

*Charles C. Gunning v. National City Corp., et al.,* C.A. No. 1:08–724

*George Rithianos v. National City Corp., et al.,* C.A. No. 1:08–751

*Deborah Douglas v. National City Corp., et al.,* C.A. No. 1:08–952

*Lisa Parker, et al. v. National City Corp., et al.,* C.A. No. 1:08–1247

