# In re PFIZER INC. SECURITIES, DERIVATIVE & "ERISA" LITIGATION

## No. MDL–1688.

Judicial Panel on Multidistrict Litigation.

June 16, 2005.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL * and DAVID R. HANSEN, Judges of the Panel.

## TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of the 23 actions in the Southern District of New York, three actions in the District of Connecticut, two actions in the District of New Jersey, and one action in the Northern District of Illinois as listed on the attached Schedule A. Before the Panel are two motions collectively encompassing the 29 actions, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings in the Southern District of New York. Movants are i) plaintiffs in two of the Southern District of New York actions brought under the Employee Retirement Income Security Act of 1974 (ERISA); and ii) common defendant Pfizer Inc. (Pfizer) along with 28 individual defendants.[1] There is general agreement among the moving and responding parties that some form of Section 1407 centralization is appropriate in this docket. Disagreement exists concerning whether actions brought under ERISA should be centralized in a separate multidistrict litigation docket or should otherwise be segregated from the other actions.

■ On the basis of the papers filed and hearing session held, the Panel finds that these 29 actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions arising from allegations that Pfizer misrepresented and/or concealed the safety risks of its COX-2 inhibitor drugs—Celebrex and Bextra—and that this conduct affected its financial condition. Whether the actions are brought by securities holders seeking relief under the federal securities laws, shareholders suing derivatively on behalf of Pfizer, or participants in retirement savings plans suing for violations of ERISA, all of the cases can be expected to focus on a significant number of common events, defendants, and/or witnesses. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to questions of class certification; and conserve the resources of the parties, their counsel, and the judiciary. *See, e.g., In re Enron Corp. Securities, Derivative & "ERISA" Litigation,* 196 F.Supp.2d 1375 (Jud.Pan. Mult.Lit.2002).

■ Plaintiffs in several actions brought under ERISA either suggest that the nine

---

\* Judge Vratil took no part in the decision of this matter.

1. Henry A. McKinnell; Michael S. Brown; M. Anthony Burns; Robert N. Burt; W. Don Cornwell; William H. Gray III; Constance J. Horner; William R. Howell; Stanley O. Ikenberry; George A. Lorch; Dana G. Mead; Franklin D. Raines; Ruth J. Simmons; William C. Steere, Jr.; Jean–Paul Vallès; David Shedlarz; Karen Katen; Jeffrey B. Kindler; Peer B. Corr; John L. LaMattina; Nat Ricciardi; Sharon Kinsman; Constantine Clemente; John F. Niblack; Alex J. Mandl; Michael I. Sovern; Harry P. Kamen; and George B. Harvey.

ERISA actions now before the Panel be centralized separately or do not object to centralization of all actions, but oppose any consolidation of their actions with the actions brought under the federal securities laws. The governing statute, however, contemplates transfer for "coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). Accordingly, we leave the degree of any coordination or consolidation to the discretion of the transferee judge. Transfer of all related actions to a single judge has the streamlining effect of fostering a pretrial program that: i) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi–Piece Rim Products Liability Litigation,* 464 F.Supp. 969, 974 (Jud.Pan.Mult.Lit.1979); and ii) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. Any concerns of the objecting ERISA plaintiffs that Section 1407 centralization will somehow retard the pace at which their claims progress should be addressed to the transferee judge, who remains free to establish separate tracks for discovery and motion practice in any constituent MDL–1688 action or actions, whenever he concludes that such an approach is appropriate.

■ We are persuaded that this litigation has a strong New York nexus and, accordingly, that an appropriate transferee forum for centralized pretrial proceedings is the Southern District of New York. This is the suggested transferee district in which i) Pfizer has its headquarters and many individual defendants reside, and therefore relevant witnesses and documents will likely be found there; ii) the majority of the related federal court actions—23 of 29—are pending; iii) actions brought under the federal securities laws and ERISA are pending along with actions brought derivatively by shareholders; and

iv) all parties agree upon centralization in some form, including plaintiffs in three actions pending elsewhere.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Richard Owen for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

## SCHEDULE A

*MDL–1688—In re Pfizer Inc. Securities, Derivative & "ERISA" Litigation*

### District of Connecticut

*Harry M. Hoffman v. Pfizer, Inc., et al.,* C.A. No. 3:04–2196

*Jeffrey M. Romm v. Pfizer, Inc., et al.,* C.A. No. 3:05–103

*Frances J. McFarland v. Pfizer, Inc., et al.,* C.A. No. 3:05–192

### Northern District of Illinois

*Alan G. Berlow, etc. v. Pfizer, Inc., et al.,* C.A. No. 1:05–879

### District of New Jersey

*Maria Van Gelder, etc. v. Pfizer, Inc., et al.,* C.A. No. 2:04–6210

*David Rich, etc. v. Pfizer, Inc., et al.,* C.A. No. 2:05–213

### Southern District of New York

*L. Norman Showers v. Pfizer, Inc., et al.,* C.A. No. 1:04–9866

*Philip Morabito v. Pfizer, Inc., et al.,* C.A. No. 1:04–9967

*John Haggerty v. Pfizer, Inc., et al.,* C.A. No. 1:04–10001

*Derrick Hawkins, et al. v. Pfizer, Inc., et al.,* C.A. No. 1:04–10071

*Barbara Zarowitz, etc. v. Henry A. McKinnell, et al.,* C.A. No. 1:04–10075

*Marvin Freeman, etc. v. Henry A. McKinnell, et al.,* C.A. No. 1:04–10085

*Doris Staehr, etc. v. Henry A. McKinnell, et al.,* C.A. No. 1:04–10096

*Gail Fink, etc. v. Henry A. McKinnell, et al.,* C.A. No. 1:04–10098

*James Baker, etc. v. Henry A. McKinnell, et al.,* C.A. No. 1:04–10118

*Sanford Flinker, et al. v. Henry A. McKinnell, et al.,* C.A. No. 1:04–10141

*Sheldon Miller P.C. Defined Benefit Plan Dated November 1, 2002 v. Pfizer, Inc., et al.,* C.A. No. 1:04–10224

*Arkansas Carpenters Pension Fund, etc. v. Henry A. McKinnell, et al.,* C.A. No. 1:04–10257

*Shirley Schaffer, et al. v. Pfizer, Inc., et al.,* C.A. No. 1:04–10296

*Marilyn Clark, etc. v. Henry A. McKinnell, et al.,* C.A. No. 1:05–51

*Ronald Hodge v. Pfizer, Inc., et al.,* C.A. No. 1:05–125

*Bob Wang, etc. v. Pfizer, Inc., et al.,* C.A. No. 1:05–735

*Nick Hay v. Pfizer, Inc., et al.,* C.A. No. 1:05–983

*Maria Van Gelder, et al. v. Pfizer, Inc., et al.,* C.A. No. 1:05–1308

*Peter F. Muffie, et al. v. Pfizer, Inc., et al.,* C.A. No. 1:05–1920

*Phyllis Ann Jaffee IRA, et al. v. Pfizer, Inc., et al.,* C.A. No. 1:05–2017

*Amalgamated Bank, et al. v. Pfizer, Inc., et al.,* C.A. No. 1:05–2076

*Frank Bambino v. Pfizer, Inc., et al.,* C.A. No. 1:05–2510

*Dennis Dunn v. Pfizer, Inc., et al.,* C.A. No. 1:05–2874