In re: The **BEAR STEARNS COMPANIES INC. SECURITIES, DERIVATIVE AND EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA) LITIGATION.**

**MDL No. 1963.**

United States Judicial Panel on Multidistrict Litigation.

Aug. 18, 2008.

Before J. FREDERICK MOTZ, Acting Chairman, JOHN G. HEYBURN II, Chairman *, ROBERT L. MILLER, JR., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

* Judge Heyburn took no part in the decision of this matter.

## TRANSFER ORDER

J. FREDERICK MOTZ, Acting Chairman.

**Before the entire Panel \*:** Defendants The Bear Stearns Companies Inc. (Bear Stearns) and Alan D. Schwartz have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of the actions listed on Schedule A in the Southern District of New York. The defendants' motion encompasses fourteen actions in the Southern District of New York and one action in the Eastern District of New York.[1] Plaintiffs in three Southern District of New York actions support transfer of the outlying Eastern District of New York action to the Southern District of New York, but emphasize the need for coordinated, but not consolidated, treatment of their actions.

After considering all argument of counsel, we find that these fifteen actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share allegations regarding, *inter alia,* whether Bear Stearns and certain of its current and former officers and directors knowingly made material misstatements or omissions concerning the company's financial health that misled investors and caused investor losses when the company's stock price fell in March 2008. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

The responding plaintiffs' concerns regarding the manner and extent of coordination or consolidation of the pretrial proceedings can be presented to the transferee judge. The governing statute contemplates transfer for "coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). Accordingly, we leave the degree of any coordination or consolidation to the discretion of the transferee judge. *See In re Pfizer Inc. Securities, Derivative & "ERISA" Litigation,* 374 F.Supp.2d 1348, 1349–50 (J.P.M.L.2005).

The Southern District of New York stands out as an appropriate transferee forum. No party has opposed centralization in the Southern District of New York, and at least eighteen actions are already pending in this district before one judge, who has significant experience presiding over multidistrict litigation. Given the location of Bear Stearns headquarters within this district, relevant documents and witnesses can be expected to be found there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending outside the Southern District of New York is transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Robert W. Sweet for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

---

**1.** In addition to the actions included on the motion for transfer, four other actions are pending in the Southern District of New York and one related action is pending in the Northern District of Georgia. In light of our disposition of this docket, these actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

## SCHEDULE A

MDL No. 1963 — IN RE: THE BEAR STEARNS COMPANIES INC. SECURITIES, DERIVATIVE AND EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA) LITIGATION

Eastern District of New York

Carmela Starace v. The Bear Stearns Companies, Inc., et al., C.A. No. 1:08–1178

Southern District of New York

Samuel T. Cohen, et al. v. The Bear Stearns Companies, Inc., et al., C.A. No. 1:07–10453

Eastside Holding, Inc. v. The Bear Stearns Companies, Inc., et al., C.A. No. 1:08–2793

Aaron Howard, et al. v. The Bear Stearns Companies, Inc., et al., C.A. No. 1:08–2804

Razill C. Becher v. The Bear Stearns Companies, Inc., et al., C.A. No. 1:08–2866

Estelle Weber, et al. v. The Bear Stearns Companies, Inc., et al., C.A. No. 1:08–2870

Anthony Pisano, et al. v. The Bear Stearns Companies, Inc., et al., C.A. No. 1:08–3006

Greek Orthodox Archdiocese Foundation, et al. v. The Bear Stearns Companies, Inc., et al., C.A. No. 1:08–3013

Hans Menos, et al. v. The Bear Stearns Companies, Inc., et al., C.A. No. 1:08–3035

Ira Gewirtz, et al. v. The Bear Stearns Companies, Inc., et al., C.A. No. 1:08–3089

Drew V. Lounsbury, et al. v. The Bear Stearns Companies, Inc., et al., C.A. No. 1:08–3326

Shelden Greenberg, et al. v. The Bear Stearns Companies, Inc., et al., C.A. No. 1:08–3334

Scott Wettersten v. The Bear Stearns Companies, Inc., et al., C.A. No. 1:08–3351

Rita Rusin v. The Bear Stearns Companies, Inc., et al., C.A. No. 1:08–3441

Lawrence Fink v. The Bear Stearns Companies, Inc., et al., C.A. No. 1:08–3602