In re: **LEHMAN BROTHERS HOLDINGS, INC., SECURITIES & EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA) LITIGATION.**

**MDL No. 2017.**

United States Judicial Panel on Multidistrict Litigation.

Feb. 9, 2009.

Before JOHN G. HEYBURN II, Chairman, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN *, W. ROYAL FURGESON, JR., and FRANK C. DAMRELL, JR.*, Judges of the Panel.

* Judges Heyburn, Hansen and Damrell took no part in the disposition of this matter.
1. Michael L. Ainslie, John F. Akers, Roger S. Berlind, Thomas H. Cruikshank, Marsha Johnson Evans, Sir Christopher Gent, Roland A. Hernandez, Henry Kaufman, John D. Macomber and Christopher O'Meara.

### TRANSFER ORDER

J. FREDERICK MOTZ, Acting Chairman.

**Before the entire Panel** *: Ten individual defendants[1] affiliated with Lehman Brothers Holdings, Inc. (Lehman Brothers) have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Southern District of New York. Responding defendants join in the motion. Plaintiffs in the three Southern District of New York and one Eastern District of New York ERISA or "Structured Notes" actions agree that centralization is appropriate, but ask that these actions be coordinated, rather than consolidated, with the other actions in this litigation, because these plaintiffs' actions (1) have distinct legal causes of action with different burdens of pleading and proof or (2) involve different types of securities. Plaintiffs in the six Arkansas actions and the two California actions oppose the motion, arguing that (1) their actions do not share sufficient questions of fact with the other actions in this litigation, and/or (2) motions to remand their actions to state court are pending.

This litigation presently consists of seventeen actions listed on Schedule A and pending in five districts as follows: eight actions in the Southern District of New York, five actions in the Western District of Arkansas, two actions in the Northern District of California and one action each in the Eastern District of Arkansas and the Eastern District of New York.[2]

2. The Panel has been notified that five related actions have recently been filed. These actions will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

■ After considering all argument of counsel, we find that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions relating to whether defendants allegedly made materially false and/or misleading statements which had a negative impact on Lehman Brothers securities. Whether the actions are brought by securities holders seeking relief under the federal securities laws or participants in Lehman Brothers's retirement savings plans suing for violations of the Employee Retirement Income Security Act of 1974, all actions can be expected to focus on a significant number of common events, defendants, and/or witnesses. Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings, including on the issue of class certification; and conserve the resources of the parties, their counsel and the judiciary.

Some opposing plaintiffs express reservations concerning the management of their actions in this MDL proceeding, because their actions involve different types of Lehman Brothers's securities or legal claims. Transfer to a single district under Section 1407, however, has the salutary effect of placing all related actions before one court which can formulate a pretrial program that: 1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi–Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L.1979); and 2) ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. The MDL No. 2017 transferee court can employ any number of pretrial techniques—such as establishing separate discovery and/or motion tracks—to efficiently manage this litigation. Plaintiffs' concerns regarding the manner and extent of coordination or consolidation of the pretrial proceedings can be presented to the transferee judge. The governing statute contemplates transfer for "coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). Accordingly, we leave the extent of coordination or consolidation of the securities and ERISA actions to the discretion of the transferee judge. *See In re The Bear Stearns Companies Inc. Securities, Derivative and Employee Retirement Income Security Act (ERISA) Litigation*, 572 F.Supp.2d 1377 (J.P.M.L.2008); *In re Janus Mutual Funds Litigation*, 310 F.Supp.2d 1359 (J.P.M.L.2004); *In re Equity Funding Corp. of America Securities Litigation*, 375 F.Supp. 1378 (J.P.M.L.1974).

Plaintiffs can also present any remand motions to the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir.1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347–48 (J.P.M.L.2001).

■ We are persuaded that the Southern District of New York is an appropriate transferee district for this litigation, because (1) eight of the seventeen actions are already pending there, and (2) Lehman Brothers is headquartered in New York City and accordingly parties, witnesses and documents may be found there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Lewis A. Kaplan for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

## SCHEDULE A

**MDL No. 2017 — IN RE: LEHMAN BROTHERS HOLDINGS, INC., SECURITIES & EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA) LITIGATION**

*Eastern District of Arkansas*

*Glen Deathrow, et al. v. Richard S. Fuld, Jr., et al.*, C.A. No. 4:08–4149

*Western District of Arkansas*

*Cecil Mease, et al. v. Richard S. Fuld, Jr., et al.*, C.A. No. 2:08–2123

*Cecil Mease v. Richard S. Fuld, Jr., et al.*, C.A. No. 2:08–2124

*Michael Shipley v. Richard S. Fuld, Jr., et al.*, C.A. No. 2:08–2125

*Guy S. Warden, Jr. v. Richard S. Fuld, Jr., et al.*, C.A. No. 2:08–2126

*Henry Napierala, et al. v. Richard S. Fuld, Jr.*, et al., C.A. No. 2:08–2127

*Northern District of California*

*Zenith Insurance Co. v. Richard S. Fuld, Jr., et al.*, C.A. No. 3:08–5352

*The San Mateo County Investment Pool v. Richard S. Fuld, Jr., et al.*, C.A. No. 3:08–5353

*Eastern District of New York*

*Michael Swiskay, et al. v. Citigroup Global Markets, Inc., et al.*, C.A. No. 2:08–4600

*Southern District of New York*

*Operative Plasterers & Cement Masons International Association Local 262 Annuity Fund v. Lehman Brothers Holdings, Inc., et al.*, C.A. No. 1:08–5523

*Alex E. Rinehart, et al. v. Lehman Brothers Holdings, Inc., et al.*, C.A. No. 1:08–5598

*Fogel Capital Management, Inc. v. Richard S. Fuld, Jr.*, et al., C.A. No. 1:08–8225

*Anthony Peyser v. Richard S. Fuld, Jr., et al.*, C.A. No. 1:08–9404

*Stephen P. Gott v. UBS Financial Services, Inc., et al.*, C.A. No. 1:08–9578

*Jeffrey Stark, et al. v. Erin Callan, et al.*, C.A. No. 1:08–9793

*Stanley Tolin v. Richard S. Fuld, Jr., et al.*, C.A. No. 1:08–10008

*Enrique Azpiazu v. UBS Financial Services, Inc.*, et al., C.A. No. 1:08–10058