**In re: REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE AND EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA) LITIGATION.**

**MDL No. 2009.**

United States Judicial Panel on Multidistrict Litigation.

Feb. 12, 2009.

Before JOHN G. HEYBURN II, Chairman, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN *, W. ROYAL FURGESON, JR., and FRANK C. DAMRELL, JR., Judges of the Panel.

## TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel \*:** Various defendants[1] have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings in the Western District of Tennessee of the 21 actions listed on Schedules A and B. The motion is supported by defendant Pricewaterhouse-Coopers LLC (PwC) and plaintiffs in a total of six actions pending in the Western District of Tennessee. Plaintiff in an additional five Western District of Tennessee actions does not oppose defendants' motion. Plaintiff in the Middle District of Tennessee *Woods* action opposes centralization. Plaintiff in the Southern District of Indiana *Eilenberg* action opposes transfer of his action to any centralized proceedings. Plaintiff in the Western District of Tennessee *Ryan* action opposes consolidation of her derivative action with any similar securities or ERISA actions.

This litigation currently consists of eighteen actions pending in the Western Dis-

---

\* Judge Hansen took no part in the decision of this matter.

**1.** Moving defendants include: Regions Financial Corp. and its subsidiaries Regions Bank; Morgan Asset Management, Inc. (MAM); MK Holdings, Inc.; and Morgan Keegan & Co., Inc. (Morgan Keegan). Also moving for centralization are the Morgan Keegan Select Fund, Inc.; RMK Multi–Sector High Income Fund, Inc.; RMK Advantage Income Fund, Inc.; RMK Strategic Income Fund, Inc.; and RMK High Income Fund, Inc. The motion is additionally brought on behalf of the outside directors of the investment fund companies, who are named as defendants in some actions and include: William Jefferies Mann, Albert C. Johnson, James Stillman R. McFadden, W. Randall Pittman, Mary S. Stone, Archie W. Willis, III, James D. Witherington, Jr., and Jack R. Blair.

trict of Tennessee and one action each in the Northern District of Alabama, the Southern District of Indiana and the Middle District of Tennessee.[2]

■ On the basis of the papers filed and hearing session held, we find that all actions except the Southern District of Indiana *Eilenberg* action involve sufficient common questions of fact, and that centralization of twenty actions under Section 1407 in the Western District of Tennessee will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Beginning in approximately in mid-2007, several Morgan Keegan proprietary investment funds began to experience steep declines in value, which plaintiffs contend were the result of, *inter alia,* the funds being overly concentrated in certain types of securities (such as mortgage-backed securities and asset-backed securities), and being heavily invested in thinly traded, illiquid and complex securities or securities for which there was no readily available market pricing. All twenty actions share allegations regarding, *inter alia,* whether defendants mismanaged, misrepresented, and omitted material facts regarding the nature, value, risk profile and investment practices concerning one or more of the funds. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

■ Unlike the other actions in this docket, the Southern District of Indiana *Eilenberg* action alleges a single claim under the Indiana Securities Act, focusing on specific facts concerning the unsuitability of particular investment product for the particular purchaser—an 89 year old infirm and unsophisticated investor—and the potential fraudulent inducements made to her at the time of the sale. With respect to *Eilenberg,* we are persuaded that any factual questions that the action may share with the other actions are insufficient to warrant transfer at the present time.

The *Ryan* plaintiff's concerns regarding the manner and extent of coordination or consolidation of her action with the pretrial proceedings in other actions can be presented to the transferee judge. The governing statute contemplates transfer for "coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). Accordingly, we leave the degree of any coordination or consolidation to the discretion of the transferee judge. *See In re Pfizer Inc. Securities, Derivative & "ERISA" Litigation,* 374 F.Supp.2d 1348, 1349–50 (Jud.Pan.Mult.Lit.2005).

Likewise, plaintiffs can present any motion for remand to state court to the transferee judge. *See, e.g., In re Ivy,* 901 F.2d 7 (2d Cir.1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347–48 (Jud.Pan.Mult.Lit.2001).

■ The Middle District of Tennessee stands out as an appropriate transferee forum. Most of the actions are already pending in this district before Judge Samuel H. Mays, Jr., who has had an opportunity to become familiar with the contours of this litigation. In addition, Morgan Keegan and MAM are based within this district, and relevant documents and witnesses can be expected to be found there.

2. In addition to the 21 actions now before the Panel, the parties have notified the Panel of six related actions: four actions in the Western District of Tennessee and two actions in the Northern District of Alabama. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Western District of Tennessee are transferred to the Western District of Tennessee and, with the consent of that court, assigned to the Honorable Samuel H. Mays, Jr., for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

IT IS FURTHER ORDERED that transfer under Section 1407 of the Southern District of Indiana action listed on Schedule B is denied.

### SCHEDULE A

MDL No. 2009—IN RE: REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE AND EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA) LITIGATION.

*Northern District of Alabama*

*Larry Bentley, et al. v. Morgan Keegan & Co., Inc., et al.,* C.A. No. 2:08–1909

*Middle District of Tennessee*

*Mariam E. Woods, et al. v. Morgan Asset Management, Inc., et al.,* C.A. No. 3:08–816

*Western District of Tennessee*

*In Re Morgan Keegan Open–End Mutual Fund Litigation,* C.A. No. 2:07–2784

*Elizabeth P. Willis, et al. v. Morgan Keegan & Co., Inc., et al.,* C.A. No. 2:07–2830

*Larry F. Hartman, et al. v. Morgan Keegan & Co., Inc., et al.,* C.A. No. 2:08–2071

*Rebecca Ryan v. Morgan Asset Management, Inc., et al.,* C.A. No. 2:08–2162

*Terry Hamby v. Morgan Asset Management, Inc, et al.,* C.A. No. 2:08–2192

*William J. DeJoseph v. Morgan Keegan & Co., Inc., et al.,* C.A. No. 2:08–2212

*Nancy Jackson v. Morgan Asset Management, Inc., et al.,* C.A. No. 2:08–2231

*Garry Shamblin v. Regions Financial Corp., et al.,* C.A. No. 2:08–2259

*H. Austin Landers, et al. v. Morgan Asset Management, Inc., et al.,* C.A. No. 2:08–2260

*Claudette S. Kaplan, etc. v. Regions Bank,* C.A. No. 2:08–2422

*C. Fred Daniels, etc. v. Morgan Keegan & Co., Inc., et al.,* C.A. No. 2:08–2452

*C. Fred Daniels, etc. v. Morgan Keegan & Co., Inc., et al.,* C.A. No. 2:08–2453

*C. Fred Daniels, etc. v. Morgan Asset Management, Inc., et al.,* C.A. No. 2:08–2454

*C. Fred Daniels, etc. v. Morgan Keegan & Co., Inc., et al.,* C.A. No. 2:08–2455

*C. Fred Daniels, etc. v. Morgan Keegan & Co., Inc., et al.,* C.A. No. 2:08–2456

*Marilyn B. Thompson, et al. v. Regions Bank, et al.,* C.A. No. 2:08–2533

*Barbara Williams v. Regions Financial Corp., et al.,* C.A. No. 2:08–2608

*Richard A. Atkinson, M.D., et al. v. Morgan Asset Management, Inc., et al.,* C.A. No. 2:08–2694

### SCHEDULE B

MDL No. 2009—IN RE: REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE AND EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA) LITIGATION.

*Southern District of Indiana*

*Stephen A. Eilenberg, etc. v. Morgan Keegan & Co., Inc.,* C.A. No. 1:08–1333