## In re: CITIGROUP, INC., AUCTION RATE SECURITIES (ARS) MARKETING LITIGATION (NO. II).

### MDL No. 2043.

United States Judicial Panel on Multidistrict Litigation.

June 10, 2009.

Before JOHN G. HEYBURN II, Chairman, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR., and FRANK C. DAMRELL, JR., Judges of the Panel.

### TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Defendants [1] have moved, pursuant to 28 U.S.C. § 1407, for centralization of three actions in the Southern District of New York. Lead plaintiff in the consolidated S.D. New York *In re Citigroup Auction Rate Securities* action does not oppose centralization of the actions for coordinated pretrial proceed-

ings but opposes consolidated treatment. Plaintiffs in the W.D. Pennsylvania *American Eagle* action oppose centralization.

This litigation currently consists of three actions listed on Schedule A and pending in two districts as follows: two actions in the Southern District of New York and an action in the Western District of Pennsylvania.[2]

On the basis of the papers filed and hearing session held, we find that these three actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions arise from allegations that Citigroup entities and/or its employees made misrepresentations or omissions in the context of the sale of auction rate securities (ARS). Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Plaintiffs opposing the motion argue, *inter alia,* that (1) the actions do not share sufficient questions of fact; (2) there are only a few actions involved in the litigation, making voluntary coordination among the parties preferable to formal centralization; and (3) centralization will only lead to delay of the actions. Based upon the Panel's precedents and for the following reasons, we respectfully disagree with these arguments. All actions focus on defendants' conduct in the market for ARS, which experienced widespread auction fail-

---

**1.** Citigroup, Inc.; Citigroup Global Markets, Inc. (and its division and service mark Smith Barney and Citi Smith Barney); and employee Brian Williams (collectively Citigroup).

**2.** In addition to the three actions now before the Panel, the parties have notified the Panel

of three related actions pending, respectively, in the Southern District of Florida, the District of Massachusetts and the Eastern District of Missouri. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

ures in February 2008. While the specific representations Citigroup made to each purchaser of ARS may vary from ARS to ARS, the actions arise under the common factual background surrounding Citigroup's alleged role in manipulating (and contributing to the ultimate collapse of) the ARS market. Transfer of these related actions under Section 1407 will foster a pretrial program that: (1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi–Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and (2) ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. The transferee judge, of course, may establish separate tracks for discovery and motion practice in any constituent MDL. No. 2043 action or actions, whenever she determines that such an approach is appropriate.

It may be that pretrial proceedings involving certain actions may be completed in advance of other actions to this litigation. Should the circumstances regarding any action in MDL No. 2043 develop such that the transferee judge determines that continued inclusion of a claim or action no longer remains advisable and, accordingly, the transferee judge deems Section 1407 remand of any claim or action appropriate, procedures are available whereby such remand may be accomplished with a minimum of delay following a suggestion of remand to the Panel by the transferee judge. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. 425, 436–38 (2001).

The concerns of lead plaintiff in *In re Citigroup Auction Rate Securities Litigation* regarding the manner and extent of coordination or consolidation of the action with the pretrial proceedings in other ac-tions can be presented to the transferee judge. The governing statute contemplates transfer for "coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). Accordingly, we leave the degree of any coordination or consolidation to the discretion of the transferee judge. *See In re Pfizer Inc. Securities, Derivative & "ERISA" Litigation*, 374 F.Supp.2d 1348, 1349–50 (J.P.M.L.2005).

We are persuaded that the Southern District of New York, where the two actions have been pending for over a year, is an appropriate transferee district. Defendants are located in this district, which was the only suggested transferee district, and relevant documents and witnesses may be found there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending outside the Southern District of New York is transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Laura Taylor Swain for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

### SCHEDULE A

MDL No. 2043 — **IN RE: CITIGROUP, INC., AUCTION RATE SECURITIES (ARS) MARKETING LITIGATION (NO. II)**

*Southern District of New York*
> *John Finn v. Smith Barney, et al.*, C.A. No. 1:08–2975
> *In re Citigroup Auction Rate Securities Litigation*, C.A. No. 1:08–3095

*Western District of Pennsylvania*
> *American Eagle Outfitters, Inc., et al. v. Citigroup Global Markets, Inc.*, C.A. No. 2:09–138