In re: RYE SELECT BROAD MARKET
PRIME FUND SECURITIES & EM-
PLOYEE RETIREMENT INCOME
SECURITY ACT (ERISA) LITIGA-
TION.

MDL No. 2075.

United States Judicial Panel on
Multidistrict Litigation.

Aug. 11, 2009.

Before JOHN G. HEYBURN, II, Chairman, ROBERT L. MILLER, JR., KATHRYN H. VRATIL *, DAVID R. HANSEN, W. ROYAL FURGESON, JR. and FRANK C. DAMRELL, JR., Judges of the Panel.

## TRANSFER ORDER

JOHN G. HEYBURN, II, Chairman.

**Before the entire Panel ***: Austin Capital Management, Ltd. (Austin Capital) and affiliated entities [1] have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of three actions in their entirety along with the ERISA claim against ACM in a fourth action for coordinated or consolidated pretrial proceedings in the Western District of Texas or, alternatively, the Southern District of New York. These legal proceedings are listed on Schedule A and pending in three districts as follows: one action each in the Southern District of New York (*Construction*), the Eastern District of Pennsylvania and the Western District of Texas; and one claim in another Southern District of New York action.[2]

Responding plaintiffs in the New York *Construction* action and the Pennsylvania action agree that centralization is appropriate, and suggest the district wherein their action is pending as transferee forum. Outside auditor Rothstein Kass & Co., P.L.L.C. (Rothstein Kass), a defendant in this New York action, opposes inclusion of the claims against it in MDL No. 2075 proceedings in Western District of Texas and asks the Panel to separate and simultaneously remand the claims to the Southern District of New York.

■ The MDL No. 2052 Tremont defendants [3] in the other New York action (*Peshkin*) do not oppose the motion insofar as it seeks to sever count XIV brought against ACM for violation of ERISA and to transfer this claim from MDL No. 2052 for inclusion in MDL No. 2075 proceedings. The New York *Peshkin* plaintiffs oppose carving the ERISA claim against ACM out of the MDL No. 2052 litigation and centralizing this ERISA claim with the other three actions in the Western District of Texas. If the Panel deems centralization appropriate, these plaintiffs support centralization of the MDL No. 2075 actions in the New York district.

The Western District of Texas defendants—The Texas Iron Workers' Pension Fund and its board of trustees (collectively Texas Iron Workers)—oppose inclusion in MDL No. 2075 proceedings, arguing that the Texas Iron Workers have initiated an arbitration proceeding that provides the only appropriate forum for resolution of their dispute with ACM.

■ On the basis of the papers filed and hearing session held, we find that the

---

* Judge Vratil took no part in the disposition of this matter.

**1.** Austin Capital Management GP Corp., Charles W. Riley, Brent A. Martin, James P. Owen, Robert Wagner, David C. Brown and David E. Friedman (collectively ACM).

**2.** This action (*Peshkin*) was originally filed in the Southern District of New York and included in MDL No. 2052. The ERISA claim before us in *Peshkin* is count XIV of the operative "state law" complaint in what has become the *Peshkin* consolidated action. This claim was previously embodied in another

action originally filed in the Southern District of New York, *Laborers Local 17 Pension Plan, et al. v. Tremont Group Holdings, Inc., et al.*, S.D. New York, C.A. No. 1:09–2505.

In addition, the parties have informed the Panel that two additional actions are pending, one action each in the Eastern District of Pennsylvania and the District of New Mexico. These actions are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

**3.** Tremont Group Holdings, Inc.; Tremont Partners, Inc.; and Rye Investment Management (collectively Tremont).

three actions and the ERISA claim against ACM in the Southern District of New York *Peshkin* action involve common questions of fact. Centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These four proceedings share factual questions relating to whether ACM performed adequate due diligence before investing ACM funds with Bernard L. Madoff and Bernard L. Madoff Investment Securities LLC. This litigation will likely focus on a significant number of common events, defendants, and/or witnesses. *See In re Lehman Brothers Holdings, Inc., Securities & Employee Retirement Income Security Act (ERISA) Litigation,* 598 F.Supp.2d 1362 (J.P.M.L.2009). Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

■ Although the Texas Iron Workers prefer arbitration to resolve their differences with ACM, the latter questions whether arbitration is required. The transferee court is in the best position to resolve this matter with an eye toward streamlining the entire litigation before us. Similarly, any claims against outside auditor Rothstein Kass can be expeditiously handled in the context of this MDL proceeding.

■ We are persuaded that the Southern District of New York is an appropriate transferee district for this litigation, because (1) parties, witnesses and documents are likely located in the New York vicinity, and (2) most responding parties agree, at least in the alternative, that the New York district is a suitable transferee forum.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Thomas P. Griesa for coordinated or consolidated pretrial proceedings with the *Construction* action pending there and listed on Schedule A.

IT IS FURTHER ORDERED that the claim against ACM in the Southern District of New York *Peshkin* consolidated action (count XIV of the operative complaint) which is currently included in MDL No. 2052 proceedings and listed on Schedule A is severed and included in MDL No. 2075 proceedings in this district.

IT IS FURTHER ORDERED that this docket is renamed as follows: IN RE: Austin Capital Management, Ltd., Securities & Employee Retirement Income Security Act (ERISA) Litigation.

## SCHEDULE A

MDL No. 2075—**IN RE: RYE SELECT BROAD MARKET PRIME FUND SECURITIES & EMPLOYEE RETIREMENT INCOME SECURITIES ACT (ERISA) LITIGATION**

*Southern District of New York*

*Richard Peshkin, et al. v. Tremont Group Holdings, Inc., et al.,* C.A. No. 1:08–11183 (State law consolidated complaint, count XIV only)

*Construction Industry & Laborers Joint Pension Trust, et al. v. Austin Capital Management, Ltd., et al.,* C.A. No. 1:09–3614

*Eastern District of Pennsylvania*

*Pension Fund for Hospital & Health Care Employees—Philadelphia & Vicinity, et al. v. Austin Capital Management, Ltd.,* C.A. No. 2:09–615

*Western District of Texas*

*Austin Capital Management, Ltd. v. The Board of Trustees of the Texas Iron Workers' Pension Fund, et al.,* C.A. No. 1:09–351