**In re: FEDERAL HOME LOAN MORTGAGE CORP. (FREDDIE MAC) SECURITIES LITIGATION.**

**MDL No. 2072.**

United States Judicial Panel on Multidistrict Litigation.

Aug. 11, 2009.

Before ROBERT L. MILLER, JR., Acting Chairman, JOHN G. HEYBURN II, Chairman*, KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR. and FRANK C. DAMRELL, JR.*, Judges of the Panel.

## TRANSFER ORDER

ROBERT L. MILLER, JR., Acting Chairman.

**Before the entire Panel ***:  Underwriter defendants[1] move, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Southern District of New York. Plaintiffs in the District of Massachusetts action (*Liberty Mutual*) oppose the motion or, alternatively, inclusion of *Liberty Mutual* in MDL No. 2072 proceedings.

This litigation currently consists of three actions listed on Schedule A and pending in two districts as follows:  two actions in

---

* Judge Heyburn and Judge Damrell took no part in the decision of this matter.

1. Goldman, Sachs & Co.; J.P. Morgan Chase & Co.; Citigroup Global Markets Inc.; Banc of America Securities LLC; FTN Financial Capital Markets; Credit Suisse Securities (USA) LLC; Deutsche Bank Securities Inc.; Morgan Stanley & Co. Inc.; and UBS Securities LLC.

the Southern District of New York[2] and one action in the District of Massachusetts.

■ On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions allege that Freddie Mac was undercapitalized during the relevant time period, and that defendants concealed this fact from investors in order to raise capital. Whether the actions are brought by Freddie Mac securities holders seeking relief under federal securities law or state securities and common law, all actions can be expected to focus on a significant number of common events, defendants, and/or witnesses. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

The opposing Massachusetts *Liberty Mutual* plaintiffs express reservations concerning the management of their action in this MDL docket. These plaintiffs argue that they bring only individual state securities and common law claims against one underwriter defendant, while the New York plaintiffs bring federal securities claims on behalf of nationwide classes against multiple underwriter defendants. Both the New York and Massachusetts actions, however, involve a common factual core arising from the same alleged misrepresentations and/or omissions relating to investment in Freddie Mac securities. Having duplicative proceedings involving the Freddie Mac securities underway in

both the New York and Massachusetts districts is certainly not optimal. While some unique questions of fact may surface in the Massachusetts action, common factual questions among the actions predominate over any unique factual questions. Centralization under Section 1407 will permit a single judge to streamline pretrial proceedings so that any non-common issues proceed concurrently with common issues. *See In re Multi–Piece Rim Products Liability Litigation,* 464 F.Supp. 969, 974 (J.P.M.L.1979).

The MDL No. 2072 transferee court can employ pretrial techniques—such as establishing separate discovery and/or motion tracks for federal and state law claims—to efficiently manage this litigation. The *Liberty Mutual* plaintiffs can present their concerns regarding the manner and extent of coordination or consolidation of the pretrial proceedings to the transferee judge. The governing statute contemplates transfer for "coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). Accordingly, we leave the extent of coordination or consolidation of these actions to the discretion of the transferee judge. *See In re The Bear Stearns Companies Inc. Securities, Derivative and Employee Retirement Income Security Act (ERISA) Litigation,* 572 F.Supp.2d 1377 (J.P.M.L. 2008); *In re Mutual Funds Investment Litigation,* 310 F.Supp.2d 1359 (J.P.M.L. 2004); *In re Equity Funding Corp. of America Securities Litigation,* 375 F.Supp. 1378 (J.P.M.L.1974).

■ We are persuaded that the Southern District of New York is an appropriate transferee forum for this litigation. Two of the three actions are already underway in that district and many of the corporate defendants and anticipated witnesses are likely located in the New York vicinity.

---

**2.** A third related Southern District of New York action—*Robert Mark v. Goldman Sachs & Co., et al.,* S.D. New York, C.A. No. 1:08–

8181—has already been consolidated for all purposes with one of the two Southern District of New York actions.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending in the District of Massachusetts is transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Miriam Goldman Cedarbaum for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

## SCHEDULE A

MDL No. 2072 — **IN RE: FEDERAL HOME LOAN MORTGAGE CORP. (FREDDIE MAC) SECURITIES LITIGATION**

*District of Massachusetts*

*Liberty Mutual Insurance Co., et al. v. Goldman Sachs & Co.,* C.A. No. 1:09–10670

*Southern District of New York*

*Frederick Jacoby v. Richard Syron, et al.,* C.A. No. 1:08–10894

*Adam Kreysar, et al. v. Richard Syron, et al.,* C.A. No. 1:09–832