655 F.Supp.2d 1352 (2009)
In re: FAIRFIELD GREENWICH GROUP SECURITIES LITIGATION
Headway Investment Corp. v. American Express Bank Ltd., et al., S.D. Florida, C.A. No. 1:09-21395
Pasha S. Anwar, et al. v. Fairfield Greenwich Ltd., et al., S.D. New York, C.A. No. 1:09-118.
MDL No. 2088.
United States Judicial Panel on Multidistrict Litigation.
October 6, 2009.
Before JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR. and FRANK C. DAMRELL, JR., Judges of the Panel.

TRANSFER ORDER
JOHN G. HEYBURN II, Chairman.
Before the entire Panel: Common defendant Fairfield Greenwich Advisors LLC (Fairfield)[1] has moved, pursuant to 28 *1353 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Southern District of New York. This litigation currently consists of two actions, one action each in the Southern District of Florida and the Southern District of New York.[2]
Most responding parties join in or support the motion.[3] Plaintiff in the Southern District of Florida action (Headway) does not oppose inclusion of claims in Headway against the Fairfield, Citco and PwC defendants in MDL No. 2088 proceedings in the Southern District of New York. Plaintiff requests, however, that the Panel separate and simultaneously remand to the Southern District of Florida its claims against American Express, Standard Chartered Bank, Standard Chartered Bank International (Americas) Ltd. and affiliated individuals. Fairfield, American Express and Standard Chartered oppose this request.
On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact. Centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions share factual questions relating to whether defendants performed adequate due diligence before investing Fairfield funds with Bernard L. Madoff and Bernard L. Madoff Investment Securities LLC. This litigation will likely focus on a significant number of common events, defendants, and/or witnesses. See In re Lehman Brothers Holdings, Inc., Securities & Employee Retirement Income Security Act (ERISA) Litigation, 598 F.Supp.2d 1362 (J.P.M.L.2009). Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.
In light of the fact that claims against investment advisors are already before the New York court, we deny the request to separate and simultaneously remand similar claims in Headway to the Southern District of Florida.
We are persuaded that the Southern District of New York is an appropriate transferee district for this litigation, because (1) parties, witnesses and documents are likely located in the New York vicinity, and (2) most responding parties agree that the New York district is a suitable transferee forum.
IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending outside the Southern District of New York is transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Victor Marrero for coordinated or consolidated pretrial proceedings with the action pending there.
NOTES
[1] Other Fairfield entities join in the motion: Fairfield Greenwich Ltd.; Fairfield Greenwich (Bermuda) Ltd.; Fairfield Risk Services Ltd.; Fairfield Heathcliff Capital LLC; Fairfield Greenwich (UK) Ltd.; and fifteen affiliated individuals.
[2] The parties have informed the Panel that two additional related actions are pending in the Southern District of New York. These actions are potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).
[3] Defendants: American Express Bank Ltd. (American Express); Standard Chartered Bank, Standard Chartered International (USA) Ltd., and Standard Chartered PLC (collectively Standard Chartered); Citco Bank Nederland N.V. (Dublin Branch), Citco Global Custody N.V., Citco Fund Services (Europe) B.V., Citco Fund Services (Bermuda) Ltd., Citco (Canada) Inc., and Ian Pilgrim (collectively Citco); Walter Noel; and PricewaterhouseCoopers LLP (PwC). Plaintiffs: Nadav and Ronit Zohar.