IN RE: PRE–FILLED PROPANE
TANK ANTITRUST
LITIGATION.

MDL No. 2567.

United States Judicial Panel on
Multidistrict Litigation.

Oct. 16, 2014.

Before JOHN G. HEYBURN II,
Chairman, MARJORIE O. RENDELL,
CHARLES R. BREYER, LEWIS A.
KAPLAN, SARAH S. VANCE, and R.
DAVID PROCTOR, Judges of the Panel.

## TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the Panel:**[*] Plaintiff in one
Western District of Missouri action has
moved, pursuant to 28 U.S.C. § 1407, for
coordinated or consolidated pretrial pro-
ceedings of this litigation in the Central
Division of the Western District of Mis-
souri. This litigation currently consists of
four actions pending in two districts as
listed on Schedule A.[1]

All parties agree that centralization is
warranted, but disagree about the most
appropriate transferee district. Plaintiffs
in nine potential tag-along actions support
centralization in the Central Division of
the Western District of Missouri, in the
first instance or the alternative. Plaintiffs
in 21 actions and potential tag-along ac-

tions support centralization in the District
of Kansas, in the first instance or in the
alternative. Plaintiffs in one potential tag-
along action suggest centralization in the
Southern District of California, and plain-
tiff in another suggests the Eastern Dis-
trict of Pennsylvania, in the alternative.

Defendants AmeriGas[2] and Blue Rhino[3]
support centralization in the Western Divi-
sion of the Western District of Missouri or,
alternatively, the District of Kansas. Am-
eriGas alternatively supports centralization
in the Eastern District of Pennsylvania.

Plaintiffs in the Northern District of
California *Venezia* potential tag-along ac-
tion note that they support centralization,
but oppose consolidation of their case with
any other direct or indirect purchaser case
that does not advance the same theories of
liability or propose substantially the same
class definition. Plaintiffs in the Central
District of California *Chernavsky* potential
tag-along action support centralization, but
oppose inclusion of their action in central-
ized proceedings and request that the
MDL be limited to Sherman Antitrust Act
claims.

On the basis of the papers filed and
hearing session held, we find that these
actions involve common questions of fact,
and that centralization in the Western Dis-
trict of Missouri will serve the convenience
of the parties and witnesses and promote
the just and efficient conduct of this litiga-
tion. These actions share factual ques-
tions arising from allegations that defen-

---

[*] Judge Ellen Segal Huvelle took no part in the
decision of this matter. Certain Panel mem-
bers who could be members of the putative
classes in this docket have renounced their
participation in these classes and have partic-
ipated in the decision.

1. The Panel is aware of 31 additional actions
pending in seven districts. These actions and
any other related actions are potential tag-
along actions. *See* Panel Rules 1.1(h), 7. 1,
and 7.2.

2. AmeriGas Propane, Inc., Amerigas Propane,
L.P., AmeriGas Partners, L.P., and UGI Cor-
poration (AmeriGas's parent corporation).

3. Ferrellgas, L.P., and Ferrellgas Partners,
L.P. (Ferrellgas or Blue Rhino). Blue Rhino
is the trade name under which Ferrellgas,
L.P. does business.

dants unlawfully conspired to fix the price per pound of propane sold in exchange tanks. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

As in the past, we leave to the transferee judge the manner and extent of coordination or consolidation of pretrial proceedings. *See, e.g., In re: Bear Stearns Cos. Inc. Sec., Derivative & Emp. Ret. Income Sec. Act (ERISA) Litig.,* 572 F.Supp.2d 1377, 1378 (J.P.M.L.2008). We are not inclined to restrict the litigation to claims under the Sherman Antitrust Act. All actions share factual questions concerning allegations that defendants conspired to fix the price per pound of propane sold in exchange tanks. Inclusion of all actions containing this common factual core will prevent duplicative discovery and inconsistent pretrial rulings. *Chernavsky* is a potential tag-along action and, therefore, is not currently before the Panel. Plaintiffs will have an opportunity to object to transfer in due course, once the action is placed on a conditional transfer order.

We are persuaded that the most appropriate location for this litigation is the Western Division of the Western District of Missouri, where an MDL involving nearly identical allegations against defendants previously was pending before Judge Gary A. Fenner. *See In re: Pre–Filled Propane Tank Mktg. & Sales Practices Litig.,* 655 F.Supp.2d 1354 (J.P.M.L.2009). There are thirteen actions now pending in the Western District of Missouri, and Blue Rhino's headquarters are located in nearby Kansas City, Kansas. The Western Division of this district provides an easily accessible location for all parties and a presiding judge who is familiar with the facts, issues, parties, and some of the counsel involved in this litigation.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Western District of Missouri and, with the consent of that court, assigned to the Honorable Gary A. Fenner for coordinated or consolidated pretrial proceedings in that district.

## SCHEDULE A

MDL No. 2567 — **IN RE: PRE–FILLED PROPANE TANK ANTITRUST LITIGATION**

*District of Kansas*

ORTIZ, ET AL. v. FERRELLGAS PARTNERS, L.P., ET AL., C.A. No. 2:14–02257

GLENVILLE SHELL LLC v. FERRELLGAS, L.P., ET AL., C.A. No. 2:14–02306

*Western District of Missouri*

HARTIG DRUG COMPANY, INC. v. FERRELLGAS PARTNERS, L.P., ET AL., C.A. No. 2:14–04164

JASON MOORE'S TEXACO, LLC v. FERRELLGAS PARTNERS, L.P., ET AL., C.A. No. 2:14–04168